UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH POPE, | No. 2:13-cv-1896 DAD |
| Plaintiff, | |
| v. | ORDER |
| TERRI McDONALD, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the magistrate's jurisdiction under 28 U.S.C. § 636(c).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may therefore dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to each defendant and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with

1  some degree of particularity the overt acts that each defendant committed that allegedly form the
2  basis of a claim. Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some
3  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo
4  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
5  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official
6  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
7  268 (9th Cir. 1982).

8       Here, plaintiff alleges that he was subjected to the excessive use of force in violation of
9  the Eighth Amendment.  He avers that claim against three named defendants and "John/Jane Doe
10 ... escort officers[.]"  (Compl. (Doc. No. 1) at 3.)  The defendants named by plaintiff are the
11 director of the California Department of Corrections and Rehabilitation (CDCR), the warden at
12 High Desert State Prison (HDSP) and the associate warden at HDSP.  (Id. at 2.)  Plaintiff alleges
13 that the named defendants are liable for having "acknowledged [the constitutional violation] on
14 the appeal/grievance." (Id. at 3)  Plaintiff does not claim that any of the three named defendants
15 was personally involved in the alleged use of excessive force.

16      Plaintiff has not stated a cognizable claim against any of the three named defendants.  It is
17 well established that a state actor in a supervisory position cannot be held liable in a civil rights
18 action for the constitutional violations of a subordinate.  See Taylor v. List, 880 F.2d 1040, 1045
19 (9th Cir.1989).  To state a claim against a supervisor, a plaintiff must aver some causal
20 connection between the supervisor's conduct and the violation.  See Redman v. County of San
21 Diego, 942 F.2d 1435, 1446 (9th Cir.1991).  Here, plaintiff avers only that the named defendants
22 effectively approved of the alleged violations through the conclusions they rendered in the
23 grievance process.  "[I]nmates lack a separate constitutional entitlement to a specific grievance
24 procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003).  "Therefore, plaintiff cannot
25 state a cognizable civil rights claim against defendants . . . based solely on their roles in denying a
26 prison grievance."  Johnson v. Hill, No. 2:10-cv-2522 KJN P, 2010 WL 4386722 at *2 (E.D. Cal.
27 Oct. 28, 2010).
28 /////

3

Plaintiff ascribes the specific acts of excessive force to "John/Jane Doe . . . escort officers[.]" (Compl. (Doc. No. 1) at 3.) "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). However, "where the identity of the alleged defendant is not known prior to the filing of a complaint, plaintiff should be given the opportunity through discovery to identify the unknown defendants[.]" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.1990). The court cannot order service of a complaint on unknown defendants; it is therefore untenable to direct a pro se prisoner-plaintiff to the discovery process when the only potentially liable defendants are unknown. The appropriate course at this stage, therefore, is to allow plaintiff an opportunity to amend his complaint to include named defendants. See Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir.2013).

If plaintiff chooses to amend his complaint, he must allege facts demonstrating how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227, 229 (9th Cir. 1980). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed without prejudice.

/////

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 26, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
pope1896.14a.new