UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH POPE, | No. 2:13-cv-1896 DAD P |
| Plaintiff, | |
| v. | ORDER |
| TERRI McDONALD, et al., | |
| Defendants. | |

On February 27, 2014, the court screened plaintiff's original complaint pursuant to 28 U.S.C. § 1915A. At that time the court dismissed all claims brought against the named defendants in the original complaint and informed plaintiff that it could not order service on the John/Jane Doe defendants without their actual identities. The order granted plaintiff thirty days in which to file an amended complaint. (Doc. No. 5.) The court later extended the deadline for plaintiff's filing of an amended complaint, on plaintiff's motion, to June 16, 2014. (Doc. No. 9.)

On June 2, 2014, plaintiff filed a one-page motion for discovery. (Doc. No. 10.) In it, he seeks the court's assistance in obtaining a work assignment log at High Desert State Prison (HDSP), where the events giving rise to this action took place, so that he can identify the correctional officers who allegedly used excessive force against him. He also asks for a "fee waiver" and a form for filing an amended complaint.

/////

1

As a general matter, the court does not entertain motions to compel the production of discovery documents until after the formal discovery process begins. In a civil action filed by a prisoner, the discovery process ordinarily begins after (1) the court rules the complaint passes the screening requirements of 28 U.S.C. § 1915A and (2) the defendant has responded to the complaint. As the court noted in the first screening order in this case, though, there is an exception: "where the identity of the alleged defendant is not known prior to the filing of a complaint, plaintiff should be given the opportunity through discovery to identify the unknown defendants[.]" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1990). However, in Wakefield, plaintiff had served several known defendants with the complaint and therefore could seek the identities of the Doe defendants through the usual channels of civil discovery. This case is different: the screening order found the original complaint stated no claims against any of the named defendants, so the usual channels of discovery are not yet open to plaintiff.[1] See Pierce v. Woodford, No. CIV S-08-1148 MCE DAD P, 2011 WL 5508989 at *3 (E.D. Cal. Nov. 9, 2011) (distinguishing Wakefield from a case without any known defendants). Nevertheless, "[a] district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant." Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013). It is incumbent on this court, therefore, to extend plaintiff's opportunity to find the names of the defendants he believes committed constitutional violations against him.

Plaintiff appended his original complaint with documents from a group administrative appeal in which he and numerous other inmates complained about the allegedly excessive force that gave rise to this lawsuit. There appear to be no names of individual officers reflected in those documents. However, in his motion for discovery plaintiff informs the court that he has been

---

[1] The court screened out the original claims against the named defendants because the sole factual basis of those claims, their participation as appeals officers in the grievance process, cannot be the basis of liability. (See Order (Doc. No. 5) at 3.) That ruling does not foreclose the possibility that plaintiff may yet formulate a claim against one or any of them that passes the screening test of 28 U.S.C. § 1915A. That possibility includes, for example, stating a claim of official liability under § 1983 against a defendant for constitutional torts committed in a policy-making position. See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). See also City of Canton v. Harris, 489 U.S. 378, 385 (1989) (requiring "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").

without a copy of his original complaint since he was transferred to administrative segregation, thus suggesting that the complaint and attachments would be of use to him in drafting a viable amended pleading. (See Doc. No. 10.) The court will order the Clerk of Court to send plaintiff a copy of his original complaint and the attachments thereto, and will grant plaintiff an additional thirty days in which to file an amended complaint. The court will further instruct the Clerk of the Court to send plaintiff the proper form for filing an amended complaint. The court will deny plaintiff's motion for discovery without prejudice to revisiting the possibility of other avenues on which plaintiff might identify the proper defendants. See Pierce, 2011 WL 5508989 at *4.

Plaintiff is reminded that the requirements the court outlined for stating a viable civil rights claim still apply to any amended pleading he files, if he chooses to file one. That is, a complaint must give fair notice to each defendant and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with some degree of particularity the overt acts that each defendant committed that allegedly form the basis of a claim. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, he must allege facts demonstrating how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff is informed that the court cannot refer to his original complaint in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

3

defendant must be sufficiently alleged.

As for plaintiff's request for a "fee waiver," the court granted plaintiff permission to proceed in forma pauperis on the most lenient financial conditions available to it. The court has no authority to waive the filing fee altogether.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is instructed to mail plaintiff a copy of his original complaint and all attachments thereto.

2. The Clerk is further instructed to mail plaintiff a form for filing an amended complaint under 42 U.S.C. § 1983.

3. The motion for discovery (Doc. No. 10) is denied without prejudice.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 18, 2014

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
pope1293.ord