UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH POPE, | No. 2:13-cv-1896 KJM DAD P |
| Plaintiff, | |
| v. | ORDER |
| TERRI McDONALD, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983, has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Therefore the motion for appointment of counsel will be denied.

Plaintiff has also requested additional time in which to "compel discovery" from the defendant. It appears unlikely that plaintiff is attempting to request more time to draft and serve a motion to compel discovery under Federal Rule of Civil Procedure 37 since by the terms of the current scheduling order (ECF No. 22), the deadline for filing a motion to compel – July 17, 2015 – is over six weeks away.[1] Instead, plaintiff most likely means to ask for an extension of time in which to serve discovery requests on the defendant. Construing the motion as a timely request for an extension of time in which to serve discovery requests, the court will grant it.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 25) is denied.

2. Plaintiff's motion for an extension of time to compel discovery (ECF No. 26), construed by the court as a motion for additional time in which to serve discovery requests on the defendant, is granted.

////
////
////
////
////
////
////
////

---

[1] Under the Federal Rules of Civil Procedure, all litigants are obligated to answer discovery requests that are properly served and comply with the general standards of civil discovery laid out in Rules 26 through 36. A motion to compel discovery asks the court to intervene in the discovery process by ordering one party to respond to another party's discovery request. A motion to compel discovery therefore comes well after, not before, a party has served its requests on the adverse party and after the adverse party has had an opportunity to respond. Federal Rule of Civil Procedure 37(a) describes all of the pre-requisites to filing a motion to compel discovery.

3. The court's discovery and scheduling order (ECF No. 22) is amended as follows:

    a. The parties have until July 17, 2015, in which to serve discovery requests on the adverse party. Responses to discovery requests are due no later than forty-five days after service.

    b. The parties have until September 15, 2015, in which to conduct discovery. Any motion to compel discovery shall be filed no later than September 15, 2015.

    c. All pre-trial motions except motions to compel discovery are due no later than December 15, 2015. Motions shall be briefed in accordance with paragraph 8 of this court's order of January 7, 2015 (ECF No. 17).

Dated: May 26, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
pope1896.31