UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH POPE, | No. 2:13-cv-1896 KJM DAD P |
| Plaintiff, | |
| v. | ORDER AND |
| BLOUSER, | <u>FINDINGS & RECOMMENDATIONS</u> |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983. He has filed a motion seeking additional time in which to "prepare my defense and collect my evidence and interview my witnesses by phone[.]" (ECF No. 30 at 2.) The court construes this request as a motion to extend the deadline for the conducting of discovery in this action, currently set by court order at September 15, 2015. Plaintiff also asks that the court "order [the California Department of Corrections and Rehabilitation (CDCR)] to issue me non-collect calls" for the purpose of contacting potential witnesses and their families. (<u>Id.</u>) The court construes this request as a motion for injunctive relief.

First, as to plaintiff's motion to extend the discovery cut-off, plaintiff timely filed the motion, and defendant has not opposed it. Therefore, good cause appearing and given the lack of any objection, the motion to extend the discovery deadline in this action will be granted.

1

Second, the undersigned concludes that there are no grounds present on which to recommend the granting of an injunction requiring CDCR to allow plaintiff to place non-collect telephone calls to assist in his prosecution of his claims. A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted)). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). However, a federal court does have the power to issue orders in aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).

Here, plaintiff has failed to demonstrate that an order directing prison officials to let him place non-collect phone calls is essential to preserve the status quo in the underlying action. This court has presided over thousands of civil rights lawsuits filed by state prisoners, and unfettered

access to witnesses by telephone has never been an essential aspect of an inmate's ability to prosecute a case for alleged constitutional violations. See, e.g., Solomon v. Negrete, No. 2:10-cv-2103 WBS AC, 2014 WL 4109582 at *2 (E.D. Cal. Aug. 19, 2014) (rejecting a plaintiff's demand for a court order that he be allowed fifty (50) non-collect phone calls in order to contact prospective witnesses). Nothing in plaintiff's motion suggests that his case is any different. The only conceivable witnesses to the acts alleged in plaintiff's operative complaint are other prison inmates or non-party correctional officers. To the extent any of those potential witnesses are no longer involved with CDCR – an allegation plaintiff does not make in his motion – plaintiff has means other than non-collect phone calls by which to contact them. Contacting witnesses' families, as plaintiff suggests he needs to do, is completely outside the reasonable scope of discovery for this lawsuit.

Furthermore, plaintiff has not demonstrated that in the absence of the preliminary relief he seeks he is likely to suffer irreparable harm – either on the merits of the instant litigation or, more fundamentally, to his person. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine, 844 F.2d at 674.

For the foregoing reasons, the undersigned concludes that plaintiff has failed to demonstrate that he is entitled to the preliminary relief he seeks.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to extend the deadline for the completion of discovery (ECF No. 30) is granted. The scheduling order in this case is amended as follows: the parties have until December 15, 2015, in which to conduct discovery. Any motion to compel discovery must be filed no later than December 15, 2015. All pre-trial motions other than motions to compel discovery must be filed no later than March 15, 2016.

/////

1    IT IS HEREBY RECOMMENDED that plaintiff's request for an order requiring CDCR
2 to allow plaintiff to place non-collect phone calls, construed by the court as a motion for
3 preliminary injunction, be denied.

4    These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties. Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
9 objections shall be served and filed within fourteen days after service of the objections. The
10 parties are advised that failure to file objections within the specified time may waive the right to
11 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 3, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
pope1396.eot&pi